TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00460-CV






Texas Department of Transportation, Appellant



v.



Eddie William Needham, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 96-070206, HONORABLE MARGARET COOPER, JUDGE PRESIDING 







 Appellant, the Texas Department of Transportation ("TxDOT"), brings this
interlocutory appeal from the denial by the trial court of its plea to the jurisdiction. The
underlying claims in this case include both a claim under the Texas Whistleblower Statute (1) and a
constitutional tort claim. Charging TxDOT with wrongful termination because he was fired after
reporting another employee's illegal behavior, Eddie William Needham, appellee, brought suit
against TxDOT seeking compensatory and punitive damages and equitable relief. The trial court
denied TxDOT's plea to the jurisdiction; TxDOT appeals. We will affirm the trial court's order. 

 

BACKGROUND

 On January 10, 1996, Needham arranged a ride home from a social gathering for
an intoxicated TxDOT co-worker, preventing the co-worker from driving a state vehicle back to
his hotel room. Needham reported this incident to a supervisor on February 23, 1996. On March
11, 1996, Needham was questioned by his supervisors regarding a "complaint." One week later,
on March 18, 1996, TxDOT placed Needham on probation for twelve months. (2) In response to
the suspension of his employment, on March 28, 1996, Needham filed an official request for an
appeal hearing with TxDOT. TxDOT set the hearing for June 20 and 21, eighty-four days after
Needham filed his official request.

 Needham filed suit against TxDOT on June 17, 1996, stating claims for intentional
infliction of emotional distress, violation of his rights under the Whistleblower Act, and two torts
under the Texas Constitution: unconstitutional taking of property and violation of his right to free
speech. Upon TxDOT's motion for partial summary judgment, the trial court dismissed
Needham's intentional infliction of emotional distress claim with prejudice. TxDOT next filed a
plea to the jurisdiction, which the trial court dismissed. TxDOT brings this interlocutory appeal. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 1999). (3)

DISCUSSION

 TxDOT asserts the trial court erred in denying its plea to the jurisdiction for two
reasons: (1) the trial court was deprived of jurisdiction over appellant's Whistleblower claim
because Needham failed to strictly comply with the provisions of the Whistleblower statute, and
(2) the court lacked jurisdiction over Needham's constitutional tort claims because a state agency
is not liable for the torts of its officers or agents. The district court's finding that it had
jurisdiction over TxDOT is a conclusion of law and thus we review it de novo. See North Alamo
Water Supply Corp. v. Texas Dep't of Health, 839 S.W.2d 455, 457 (Tex. App.--Austin 1992,
writ denied) (whether the court had jurisdiction to hear appellant's complaints constituted an issue
of law). We will address both of TxDOT's points in turn.


Relevance of Presentation of Evidence at Hearing on the Plea TxDOT initially complains that the trial court erred in refusing to permit witness
testimony on the question of jurisdiction at the hearing on TxDOT's plea to the jurisdiction. We
need not address TxDOT's complaint because the error, if any, is not preserved. The record does
not contain TxDOTS's motion to introduce evidence at the hearing on its plea to the jurisdiction. 
Similarly, beyond the mere fact that a hearing took place on August 13, 1998, the record fails to
contain any information relating to the hearing. There exists no indication of the court's ruling
on TxDOT's attempt to introduce evidence, or whether such a ruling was made. Therefore,
TxDOT failed to meet its burden of properly preserving this point for appellate review. See Tex.
R. App. P. 33.1; see also Washington v. McMillan, 898 S.W.2d 392, 397 (Tex. App.--San
Antonio 1995, no writ) (objection waived where trial court's ruling on defendant's motion was not
documented in the record). Furthermore, TxDOT failed to file a formal bill of exception. See
Tex. R. App. P. 33.2; McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d 185, 187 (Tex.
1984). We overrule TxDOT's initial complaint.


The Whistleblower Act Claim

 The Whistleblower Act (the "Act"), was designed by the legislature to protect
employees of state and local government entities from retaliation by their employing entity in a
particular set of circumstances. See Tex. Gov't Code Ann. §§ 554.001, .010 (West 1994 & Supp.
1999). Specifically, the Act protects employees who (1) report violations of the law committed
by their employer or fellow employees, and (2) subsequently comply with the provisions of the
Act. Among those provisions is section 554.006, which concerns the use of a state entity's
grievance procedures to settle employee disputes relating to suspension of, termination of, or
adverse personnel action against an employee by a state agency in response to the employee's
reporting a violation of the law. (4)

 Before the 1995 amendments, section 554.006 of the Act required an employee who
wished to file suit against his government employer to "exhaust" the government employer's
grievance procedures before bringing suit in district court. See Tex. Gov't Code Ann. § 554.006
(West 1994). This exhaustion requirement caused great confusion and gave rise to numerous
appeals. See, e.g., Gregg County v. Farrar, 933 S.W.2d 769 (Tex. App.--Austin 1996, writ
denied). In Gregg County, Farrar filed his Whistleblower case against the county claiming he was
demoted from road superintendent to class B operator after reporting to the county health officer
and the district attorney that Commissioner Johnson had asked him to dump barrels containing
unknown substances. Id. at 771. After unsuccessfully protesting his demotion to the
commissioner and subsequently instituting a grievance procedure in which the demotion was
affirmed, Farrar filed suit. Id. at 772. The pre-1995 statute required Farrar to exhaust his
grievance remedies before filing suit. Farrar could have appealed the county commissioner's
decision by written request, but filed suit instead. Farrar argued that he need only initiate and not
exhaust the grievance procedures, complaining that otherwise his claim might be barred by the
ninety-day statutory limit. Id. at 775. This Court held that "exhaust" means exhaust in its literal
sense, not initiate and, therefore, Farrar had not fully complied with the provisions of the Act,
depriving the trial court of jurisdiction. Id. at 777. 

 The legislature addressed the situation exemplified by Gregg County when it
amended section 554.006 by removing the exhaustion requirement. See Act of April 30, 1993,
73d Leg., R.S., ch. 268, § 1, 1981 Tex. Gen. Laws 610 (Tex. Gov't Code Ann. § 554.006, since
amended). The amended statute gives the employee the option to make an election under part (d). 
If, sixty-one days after the initiation of grievance procedures, a final decision has not yet been
rendered under those grievance procedures, the employee may then file suit. See Tex. Gov't Code
Ann. § 554.006 (West Supp. 1999).

 This appeal concerns whether, in a situation in which sixty-one days have elapsed
since the initiation of grievance procedures, an employee's filing of suit acts as an election under
section 554.006(d) and terminates agency grievance procedures, or whether some additional notice
is required. Id. § 554.006(d) (West Supp. 1999). TxDOT argues that section 554.006 of the Act
requires that an employee give some type of notice of his intent to terminate the grievance
procedures in order for the statute's language regarding the making of an election to have
meaning. The 1995 amendments to section 554.006 are silent as to the legislature's intended
meaning of the term "election"; no mention is made of whether such "election" need be made in
writing to the agency, or if another method of "election" satisfies the statute. TxDOT received
actual notice of Needham's election when he filed suit; (5) the filing of that suit demonstrated
Needham's intent to terminate the grievance proceedings and instead pursue his claim in court. 
Therefore, we hold that Needham's filing of suit acted as an implied termination of those
grievance procedures and was thus a tacit "election" under the statute. Id. at § 554.006(a).



Constitutional Tort Claim

 TxDOT next argues that the trial court erred in dismissing its plea to the jurisdiction
because the trial court did not have jurisdiction over Needham's constitutional tort claims as there
had been no waiver of governmental immunity and Needham's requested relief could not be
maintained without legislative consent. See Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298
(Tex. 1976) (governmental agency not liable for torts of its officers or agents in absence of a
constitutional or statutory provision); Liberty Mut. Ins. v. Sharp, 874 S.W. 2d 736 (Tex.
App.--Austin 1994, writ denied) (plea to the jurisdiction proper to challenge suit filed against a
governmental entity when government's waiver of governmental immunity is at issue). TxDOT
argues that the legislature has not created a right of action for the violation of constitutional rights
by governmental units and thus, the legislature has not waived TxDOT's governmental immunity
in this case. Needham, however, seeks reinstatement and the commensurate back-pay--equitable
remedies. This Court has previously held that a plaintiff may be granted equitable relief against
a state agency. See Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113 (Tex.
App.--Austin 1997, writ denied) (claim of inmate seeking equitable remedy against Texas Board
of Criminal Justice for unconstitutional deprivation of his property interest in good conduct credits
was not without merit). Accordingly, the trial court is not deprived of jurisdiction over this issue. 
TxDOT's second point of error is overruled.


Cross-Point Asserted by Needham--Frivolous Appeal

 Needham insists that this cause constitutes a frivolous appeal and that TxDOT
should be accordingly sanctioned. We disagree. This case presents important questions of
interpretation regarding the newly amended Whistleblower Act. We note, however, that Needham
filed his petition on June 17, 1996 and TxDOT waited over two years until August 4, 1998 to file
its plea to the jurisdiction, thereby staying Needham's action. Section 51.014, allowing an 
interlocutory appeal, should not be wielded as an adversarial weapon. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West Supp. 1999). However, since the record fails to establish that
TxDOT's plea to the jurisdiction was used strictly for delay, we overrule Needham's cross-point
of error.

CONCLUSION

 Having overruled all of TxDOT's points of error, we affirm the trial court's order
denying TxDOT's plea to the jurisdiction. 



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: March 18, 1999

Do Not Publish 

1. Tex. Gov't Code Ann. §§ 554.001, .010. (West 1994 & Supp. 1999). 
2. Needham apparently thought the March 11, 1996, meeting concerned his complaint against
the co-worker. In fact, TxDOT placed Needham on probation for thirteen alleged violations of
TxDOT policy and performance problems, including voucher and timekeeping irregularities, as
well as angry outbursts at co-workers.
3. Section 51.014, entitled Appeal From Interlocutory Order, provides:


(a) A person may appeal from an interlocutory order of a trial court, county court
at law, or county court that:

 

 . . . .


 (8) grants or denies a plea to the jurisdiction by a governmental unit as that term
is defined in Section 101.001.

4. Prior to 1995, section 554.006 read as follows:


§ 554.006 Exhaustion of Grievance or Appeal Procedures


(a) An employee of a local government must exhaust that government's grievance
or appeal procedures relating to suspension or termination of employment or
unlawful discrimination before suing under this chapter.


(b) The employee must invoke the grievance or appeal procedures not later than the
90th day after the date on which the alleged violation of this chapter 


 (1) occurred, or 

 (2) was discovered by the employee through reasonable diligence.


(c) Time used by the employee in exhausting the grievance or appeal procedure is
excluded from the period established by Section 554.005.


(d) This section does not apply if a final decision is not rendered before the 31st day
after the date on which the employee initiated the grievance or appeal.


Act of April 30, 1993, 73d Leg., R.S., ch. 268, § 1, 1981 Tex. Gen. Laws 610 (Tex. Gov't Code
Ann. § 554.006, since amended) (emphasis added).


 The legislature substantially amended section 554.006 on June 15, 1995. The amended
statute now reads:


§ 554.006 Use of Grievance or Appeal Procedures


(a) A public employee must initiate action under the grievance or appeal procedures
of the employing state or local governmental entity relating to suspension or
termination of employment or adverse personnel action before suing under this
chapter. 


(b) The employee must invoke the applicable grievance or appeal procedures no
later than the 90th day after the date on which the alleged violation of this chapter:


 (1) occurred, or

 (2) was discovered by the employee through reasonable diligence.


(c) Time used by the employee in acting under the grievance or appeal procedures
is excluded, except as provided by Subsection (d), from the period established by
Section 554.005.


(d) If a final decision is not rendered before the 61st day after the date procedures
are initiated under Subsection (a), the employee may elect to:


 (1) exhaust the applicable procedures under Subsection (a), in which event the
employee must sue not later than the 30th day after the date those procedure are
exhausted to obtain relief under this chapter; or 


 (2) terminate procedure under Subsection (a), in which event the employee must
sue within the time remaining under Section 554.005 to obtain relief under this
chapter.


Tex. Gov't Code Ann. § 554.006 (West Supp. 1999) (emphasis added).
5. Though Needham wrote a letter officially ending his grievance appeal 261 days after it
began, because Needham's filing of suit acted as an "election" under the statute, the letter itself
and the date of its posting are irrelevant to this appeal.


t-family: CG Times Regular"> (8) grants or denies a plea to the jurisdiction by a governmental unit as that term
is defined in Section 101.001.

4. Prior to 1995, section 554.006 read as follows:


§ 554.006 Exhaustion of Grievance or Appeal Procedures


(a) An employee of a local government must exhaust that government's grievance
or appeal procedures relating to suspension or termination of employment or
unlawful discrimination before suing under this chapter.


(b) The employee must invoke the grievance or appeal procedures not later than the
90th day after the date on which the alleged violation of this chapter 


 (1) occurred, or 

 (2) was discovered by the employee through reasonable diligence.


(c) Time used by the employee in exhausting the grievance or appeal procedure is
excluded from the period established by Section 554.005.


(d) This section does not apply if a final decision is not rendered before the 31st day
after the date on which the employee initiated the grievance or appeal.


Act of April 30, 1993, 73d Leg., R.S., ch. 268, § 1, 1981 Tex. Gen. Laws 610 (Tex. Gov't Code
Ann. § 554.006, since amended) (emphasis added).


 The legislature substantially amended section 554.006 on June 15, 1995. The amended
statute now reads:


§ 554.006 Use of Grievance or Appeal Procedures


(a) A public employee must initiate action under the grievance or appeal procedures
of the employing state or local governmental entity relating to suspension or
termination of employment or adverse personnel action before suing under this
chapter. 


(b) The employee must invoke the applicable grievance or appeal procedures no
later than the 90th day after the date on which the alleged violation of this chapter:


 (1) occurred, or

 (2) was discovered by the employee through reasonable diligence.


(c) Time used by the employee in acting under the grievance or appeal procedures
is excluded, except as provided by Subsection (d), from the period established by
Section 554.005.